Pearson, C. J.
 

 The bill' is very meagre in its statements, and, on that account, the court has been much embarrassed.
 

 We are informed that the testator died without children,
 
 *14
 
 leaving him surviving a wife, father and mother, brother and sister. We are also informed that, at the time of his death, the testator owned some fifteen or twenty slaves; but we are not informed whether he owned any land, (except the tract devised to his father and mother,) or whether he owned any horses, cattle, hogs, crops on hand, &c. There is nothing to authorize the court to assume that he did not own any land except the tract devised to his father and mother, and that he was cultivating the land of his wife, with negroes, horses, &c., acquired,
 
 “jure mariti.”
 

 We
 
 are also informed that, by his will, he bequeathed and devised as follows:
 
 “I give
 
 and bequeath to my wife ¡Sarah, all the property that I possess at this time, or may possess at the time of my death, consisting of all my real estate of all kinds, and all my money, notes and accounts, after paying all my just debts.”
 
 “
 
 My father and mother are to have the land lying on the south-east side of the Reedy branch, of the tract where he now lives, and
 
 the
 
 stock, and household and kitchen furniture at that place.”
 

 The notion that this man intended to give to his wife lands, notes and accounts,
 
 subject to the payment of his debts,
 
 and to his father and mother the tract of land on which they lived, and the stock, household and kiteken furniture at that place,” and that he died intestate, in respect to fifteen or twenty slaves, and to horses, cattle, hogs, crops, &c., is so contrary to the ordinary course of things, that every one will exclaim, There must be some mistake about it! Such could not have been his intention ! Either the draftsman of the will has, in the former of the clauses above cited, used the "word
 
 consisting
 
 instead of the word including, or else the word
 
 real
 
 to signify
 
 corporeal property,
 
 to wit, negroes, horses, farming utensils, crops, &e., as contradistinguished from things
 
 incorporeal,
 
 to wit, money, notes, accounts, &c. We think, by its proper construction, the will makes the wife of the testator his “ universal lega
 
 *15
 
 tee,” except in respect to the tract of land and small articles given to his father and mother ; and that the legacy to his wife includes the slaves, horses, crops, &c., that the testator owned at the time of his death. What other sense can be given here to the words, “ My real estate of all kinds, and my money, notes and accounts,”
 
 than
 
 — My
 
 corporeal estate of all kinds,
 
 and my money, notes and accounts ?
 

 This, we are satisfied, was the meaning of the testator, and in looking at
 
 the cases,
 
 we are gratified to find that there is nothing to force us to the conclusion that this man died intestate as to his slaves, horses, cattle, &c., which being present, and so forcing themselves on the attention, are the primary subjects for the payment of debts, and the first things ordinarily disposed of by will. The cases of
 
 Fraser
 
 v.
 
 Alexander,
 
 2 Dev. Eq., 348, and
 
 Clark
 
 v.
 
 Hyman,
 
 1 Dev., 382, were cited on the argument by the counsel for the defendant, as governing this case. In
 
 Fraser
 
 v.
 
 Alexander,
 
 there is an express direction to sell the negroes at private .sale — that case has no application. In
 
 Clark
 
 v.
 
 Hyman,
 
 the conclusion is, that land is not included in the description, “ because,
 
 heirs at laxo
 
 are not to be disinherited, unless the testator’s intention to do so is clear.” In the present case the
 
 strain
 
 is, to exclude from the general words, slaves, horses, cattle, &c., which constitute the primary fund for the paymentjof debts, and are the subjects most ordinarily disposed of in wills. So also here, the cases are altogether different; and the construction of this will cannot he controlled by the construction put upon that.
 

 Indeed words used in different wills are so different, and the circumstances of testators in regard to property and the objects oi bounty are so various, that it is almost impossible to find one case that ought to govern another. Each must stand on its own peculiar circumstances, and in doubtful questions of construction something must be yielded to the cotemporaneous action of the parties concerned ; as, in this
 
 *16
 
 •case, an acquiescence for many years in the construction, by which it was taken for granted that ■ the testator had given his whole estate, including land, choses in action, negroes, horses, &c., (except the small legacy to his father and mother,) to his wife, subject to the payment of his debts.
 

 The bill must be dismissed.
 

 Per Curiam.
 

 -Decree accordingly.